**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL TAYLOR, ) | Case No.: 2:11-cv-01516-GMN-LRL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| FLAGSTAR BANK FSB; MERSCORP, INC.; ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC.; BAYCAL ) | |
| CAPITAL SERVICES; AND DOES individuals ) | |
| 1 to 100, Inclusive; and ROES Corporations 1 to ) | |
| 30, Inclusive; and all other persons and entities ) | |
| unknown claiming any right, title, estate, lien or ) | |
| interest in the real property described in the ) | |
| Complaint adverse to Plaintiff's ownership, or ) | |
| any cloud upon Plaintiff's title thereto, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**INTRODUCTION**

Before the Court is Plaintiff Michael Taylor's Motion to Remand to State Court (ECF No. 9).  Defendants Merscorp, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a Response (ECF No. 10) and Plaintiff did not file a Reply.

Also before the Court is Plaintiff's Motion to Stay Pending a Determination on Motion to Remand (ECF No. 8).  Defendants filed a Response (ECF No. 11).

**DISCUSSION**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as

a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A civil action brought in state court may be removed by the defendants to a federal district court if the district courts have original jurisdiction over the matter. 28 U.S.C. § 1441(a).

Removal must occur within thirty days after the defendant is served with the first removable pleading, such as the complaint, and all defendants must join in the removal. 28 U.S.C. § 1446(b). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir.1999), superseded by statute on other grounds by 28 U.S.C. § 1453(b). The party seeking removal bears the burden of showing that removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988). Additionally, there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

This Court has subject matter jurisdiction over this case on the basis of diversity of citizenship under 28 U.S.C. § 1332. Plaintiff is a citizen of Nevada and Defendants are all citizens of foreign states. (*See* Notice of Removal, ECF No. 1; Response to Order to Show Cause, ECF No. 17.) The amount in controversy exceeds $75,000, because Plaintiff seeks to eliminate secured debt in the amount of $260,000 (*See* Complaint ¶¶124-125, ECF No. 1-2; Deed of Trust, ECF No. 1-3.) Defendants MERS and Merscorp properly removed this case to federal district court under 28 U.S.C. 1446.

Plaintiff argues that this case should be remanded because the complaint only alleges state law claims. Plaintiff does not address any defect in the Court's subject matter jurisdiction over cases on the basis of diversity of citizenship. Plaintiff also argues that this court should abstain from this case because foreclosure in Nevada is governed by state law and there is no pending federal question in the complaint. This Court has seen dozens of cases

arising out of Nevada's "foreclosure crisis" and does not find any basis or reason to abstain.

Finally, Plaintiff argues that since all the defendants did consent to removal the Court must remand. However, Defendants Flagstar Bank and Baycal Capital Services have not been properly served, so they do not need to join the notice of removal at this time. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423 (9th Cir. 1984), superseded in unrelated part by statute as stated in *Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988). Accordingly, Plaintiff's Motion to Remand is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Michael Taylor's Motion to Remand to State Court (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Pending a Determination on Motion to Remand (ECF No. 8) is **DENIED as moot**.

**DATED** this 1st day of November, 2011.

_____
Gloria M. Navarro
United States District Judge