# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHAEL TAYLOR, an individual,                )
                                               )        Case No.: 2:11-cv-01516-GMN-VCF
                        Plaintiff,             )
        vs.                                    )        **ORDER**
                                               )
MERSCORP, INC., MORTGAGE               )
ELECTRONIC REGISTRATION SYSTEMS,       )
INC. et al.,                                   )
                                               )
                        Defendants.            )
_____)

        Pending before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendants

Merscorp, Inc. and Mortgage Electronic Registration Systems, Inc. (collectively "Moving

Defendants").  Plaintiff Michael Taylor subsequently filed a Response (ECF No. 12) and

Moving Defendants filed a Reply (ECF No. 13).

## I.    BACKGROUND

        Plaintiff's Complaint alleges eleven causes of action relating to the mortgage of his

property located at 4125 Wheatstone Ct., Las Vegas, Nevada 89129 ("the property"):

(1) Violations of Unfair Lending Practices – NRS 598(D); (2) Deceptive Trade Practices;

(3) Unconscionable Contract – NRS 104.2302; (4) Inspection and Accounting; (5) Unjust

Enrichment; (6) Negligent Interference of Prospective Economic Advantage; (7) Conspiracy to

Interference–Prospective Economic Advantage; (8) Breach of Good Faith and Fair Dealing;

(9) Injunctive Relief; (10) Declaratory Relief; and (11) Rescission. (ECF No. 1-2.)

        The Complaint, without exception, cross-applies each of these causes of action to both a

mortgage that Plaintiff received in September 2007, as well as a subsequent modification of that

loan which was secured in October 2010.  Plaintiff does not articulate facts or details about how

each cause of action relates to one agreement independently of the other, and instead simply lists them together when drawing out each cause of action.

The Complaint bears a striking resemblance to many others that have recently come before this Court.[1]  The eleven causes of action in the Complaint do not distinguish which actions are attributed to each Defendant, nor does the Complaint allege specific facts supporting each cause of action.

Though the Complaint is very similar to others made before this Court relating to foreclosure proceedings, Defendants explain that there has neither been a foreclosure on this property nor is a foreclosure pending. (Defs.' Mot. to Dismiss at 4:1.)  In fact, even though a Notice of Default was filed on March 11, 2011, Defendants explain that Plaintiff subsequently made a payment, which brought the loan back to current status. (Defs.' Mot. to Dismiss at 3:22-27.)  The Notice of Default was subsequently rescinded. (Defs.' Mot. to Dismiss at 3:27-28.) Plaintiff does not contest these facts alleged by Defendants and there is no evidence before the Court that there has since been any lapse in payment upon the mortgage.

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

---

[1] *See, e.g.*, *Lee v. BAC Home Loans Servicing, LP*, No. 2:11-cv-1583-JCM, 2011 WL 5827202 (D. Nev. Nov. 18, 2011); *D'Haenens v. Fed. Nat. Mortg. Ass'n*, No. 2:11-cv-01432-GMN, 2012 WL 2000691 (D. Nev. June 5, 2012).

Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  In light of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of

Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.    DISCUSSION

### A.    Plaintiff's Claims Relating to the October 2010 Loan Modification are Barred by Res Judicata

Claim preclusion under the doctrine of res judicata applies when "a final judgment on the merits bars further claims by the same parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *accord Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).[2] It prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources and, by preventing inconsistent decisions, encourage reliance on adjudication." *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 594 (9th Cir. 1985) (quoting *Allen v.*

---

[2] "'Res judicata' encompasses two distinct types of preclusion – claim preclusion and issue preclusion." *Pedrina v. Chun*, 906 F.Supp. 1377, 1399 (D. Haw. 1995), *aff'd* 97 F.3d 1296 (9th Cir. 1996). "Claim preclusion . . . bars plaintiffs from pursuing successive suits where the claim was either litigated or could have been litigated in the first action." *Id.* "It also bars defendants from pursuing a subsequent action that could have been raised as a defense or counterclaim in the first suit." *Id.* "By contrast, issue preclusion only bars re-litigation of particular issues actually litigated and decided in the prior suit." *Id.* Here, since Moving Defendants solely assert claim preclusion, the Court also limits its analysis to claim preclusion.

*McCurry*, 449 U.S. 90, 94 (1980)).  To determine whether a state court decision precludes a party from litigating a claim or issue in federal court, the federal court must apply the res judicata rules of the state court wherein the prior judgment was rendered. *See Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005); *Pedrina v. Chun*, 906 F. Supp. 1377, 1399 (D. Haw. 1995), *aff'd* 97 F.3d 1296 (9th Cir. 1996).

In Nevada, a claim is precluded by res judicata when three elements are met: (1) the parties or their privies are the same as in a prior suit (2) in which a valid final judgment was rendered, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).  As Nevada has abandoned the requirement of mutuality for res judicata, it is only required that the party *against whom* res judicata is asserted have been a party (or in privity with a party) to the prior suit:

> The criteria for determining *who may assert* a plea of res judicata differ fundamentally from the criteria for determining *against whom* a plea of res judicata may be asserted.  The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided.  He is bound by that litigation only if he has been a party thereto or in privity with a party thereto.  *There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation.*

*Williams v. State Indus. Ins. Sys.*, 672 F. Supp. 459, 462 (D. Nev. 1987) *aff'd,* 878 F.2d 388 (9th Cir. 1989) (emphasis added) (quoting *Paradise Palms Community Ass'n v. Paradise Homes*, 505 P.2d 596, 599 (1973), *cert. denied*, 414 U.S. 865 (1973)).

Defendants argue that the Complaint should be dismissed under the doctrine of res judicata, pointing to Eighth Judicial District Court, Clark County, Nevada, Case No. A-11-642264-C ("Nevada state case").  In that case Taylor filed a complaint which is nearly identical to the Complaint in the present case.  At the conclusion of the Nevada state case, Taylor failed to

1    file a timely response to a motion to dismiss, and the Clark County District Court dismissed the
2    claim with prejudice.

3            Here, Defendants raise the defense of res judicata in their Motion to Dismiss instead of a
4    responsive pleading.  Although ordinarily an affirmative defense may not be raised in a motion
5    to dismiss, an exception is made when, as here, doing so does not raise any disputed issues of
6    fact. *See* Fed. R. Civ. P. 8(c); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *Day v.*
7    *Moscow*, 955 F.2d 807, 811 (2d Cir. 1992).  Defendants base their res judicata argument on the
8    Complaint in the present case, the complaint in the Nevada state case, and the Court's Order of
9    Dismissal with Prejudice in the Nevada state case.  Thus, Defendants' res judicata argument
10   does not raise any disputed issues of fact, and consideration of it within a motion to dismiss is
11   appropriate.

12           Under Nevada law, the first element of res judicata requires that a party against whom res
13   judicata is asserted be identical to or in privity with a party from a prior case. *Sierra Pac. Power*
14   *Co. v. Craigie*, 738 F. Supp. 1325, 1328 (D. Nev. 1990) (citing *Paradise Palms*, 505 P.2d at
15   599).  Here, it is uncontested that Michael Taylor is the same plaintiff as in the Nevada state
16   case.  As discussed above, it is not required that Defendants have been a party (or in privity with
17   a party) to the Nevada state case for a claim to be precluded under res judicata.

18           The second element for res judicata under Nevada law requires that the prior case have
19   reached a final judgment on its merits. *Horvath v. Gladstone*, 637 P.2d 531, 533 (Nev. 1981).
20   Under Nevada Rule of Civil Procedure 41(b), a Nevada court's dismissal of a claim due to a
21   plaintiff's failure to adhere to any rule of the court other than lack of jurisdiction, improper
22   venue, or failure to join a party is considered a dismissal upon its merits. *Ruby*, 194 P.3d at 715;
23   NRCP 41(b).  Here, the Clark County district court dismissed Plaintiff's claim with prejudice
24   after failing to respond to a motion to dismiss.  Because this dismissal was on a ground other
25   than lack of jurisdiction, improper venue or failure to join a party, it is to be considered a

dismissal upon its merits. *See Ruby*, 194 P.3d at 715.  Accordingly, the second element for res judicata under Nevada law is satisfied.

The third element of res judicata requires that the action to be precluded be based on "the same claims or any part of them which were or could have been brought in the first case." *Id.,* at 713.  Comparing the complaint in the Nevada state case and that of the present case side by side, it is clear that the only differences are that the present Complaint extends its claims to encompass the September 2007 loan agreement along with the October 2010 loan modification instead of addressing only the loan modification.  The claims included identical lists of causes of action addressed in precisely the same order.  In fact, if the references to the September 2007 loan modification in the present Complaint were removed, the two documents would be 100% identical.  Therefore, the parts of this claim relating to the October 2010 loan modification are the same as those brought in the Nevada state case.  Because of this, Plaintiff's causes of action relating to the October 2010 loan modification are barred by res judicata and are dismissed with prejudice.

Plaintiff's claims relating to the September 2007 loan agreement were not presented in the Nevada state case.  Furthermore, the September 2007 loan agreement and the October 2010 modification were agreements with different terms, negotiated by different individuals, and occurred nearly three years apart.  To determine whether the September 2007 loan agreement claims are also barred under res judicata, the Court must determine whether they constitute "identical causes of action" under Nevada law:

> Nevada courts have taken a somewhat narrower approach to claim preclusion than the most expansive "transactional" approach adopted by some jurisdictions and advocated by the Second Restatement.  Under Nevada law, in order for a subsequent suit to be barred under claim preclusion, the subsequent suit and the first suit must arise from the same cause of action.  The Nevada test for identical causes of action is whether the sets of facts essential to maintain the two suits are the same.

*Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995) (citing *Tomiyasu v. Golden,* 400 P.2d 415 (Nev. 1965)).

Here, the Court finds that the factual circumstances from which these claims arise are separate and distinct.  Accordingly, the claims involving the September 2007 loan are separate causes of action under Nevada law from those involving the October 2010 loan modification.  Because of this, the claims relating to the September 2007 loan agreement, which were not presented in the Nevada state case, are not barred by res judicata.

**B.**     **Plaintiff's Relating to the September 2007 Loan Fail to Meet the 12(b)(6) Standard of Plausible Claims for Relief**

*(1)   Violations of Unfair Lending Practices – NRS 598(D)*

Plaintiff obtained the loan in September 2007.  At the time of this loan, it was an unfair lending practice to approve a loan without considering a borrower's ability to repay, pursuant to NRS 598D.  The statute of limitations for claims alleging a violation of the unfair lending practices act is three years. *See* NRS 11.190(3)(a) (creating a three-year statutory period for claims premised on a violation of a statute).  Therefore, this cause of action accrued in 2007, when the loan was finalized.  Because Plaintiff filed the Complaint in August 2011, approximately four years after the accrual date, this cause of action is time-barred.  Accordingly, Plaintiff's first cause of action is dismissed.

*(2)   Deceptive Trade Practices*

Plaintiff's second cause of action alleges deceptive trade practices pursuant to NRS 598.0915 and 598.0923. (Compl. at 8:¶36).  Subsection 598.0915 makes knowingly making any false representation in a transaction a deceptive trade practice.  Here, Plaintiff alleges that "Defendants did not furnish Plaintiff the correct Notice of Servicing that the loan may be assigned, sold, or transferred to any other person in violation of 12 U.S.C. 2605(a)." (Compl. at 8:¶39).

Subsection 598.0923 does not apply to this case: (1) Plaintiff has not alleged, under subsection one, that any Defendant has been conducting its business without a required license; (2) subsections two and three apply to the sale or lease of goods or services; (3) Plaintiff has not alleged that any Defendant, under subsection four, has used coercion, duress or intimidation in a transaction; and (4) no Defendant was the seller in a land sale installment contract under subsection five.

Moreover, courts have recognized that the Deceptive Trade Practices Act does not apply to real property transactions, but to the sale of goods and services. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 ... applies only to goods and services and not to real estate loan transactions."); *see also Alexander v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage Funding*, No. 3:11-cv-00039-ECR-RAM, 2011 WL 2923949, *2 (D. Nev. July 15, 2011) (N.R.S. § 598 "does not cover a mortgage foreclosure"). Accordingly, Plaintiff's second cause of action is dismissed.

### (3)   *Unconscionable Contract – NRS 104.2302*

Plaintiff's third cause of action alleges that the loan contract is unenforceable because it is an unconscionable contract of adhesion under NRS 104.2302.  However, while NRS 104.2302 does pertain to unconscionable contracts, it does not apply to the sale of homes, because "homes are not goods under the Uniform Commercial Code and NRS 104.2302 applies only to goods." *D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1163 (Nev. 2004).  Accordingly, Plaintiff's third cause of action is dismissed.

### (4)   *Inspection and Accounting*

An action for inspection and accounting will prevail only where the plaintiff can establish

that there exists a relationship of special trust between the plaintiff and defendant. *McCurdy v. Wells Fargo*, No. 2:10-cv-00880, 2010 WL 4102943, *3 (D. Nev. Oct. 18, 2010).  Absent special circumstances, no such relationship exists between a lender and a borrower. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007).

Plaintiff alleges that "[d]ue to the unfair and deceptive nature of the Plaintiff's loan modification, the defendants were paid excessive interest and fees . . . . Therefore proper discovery and accounting will reveal the 'true realized' status of the account as stated." (Compl. at 11:¶63.)  However, Plaintiff has failed to allege any special circumstances that would create the requisite fiduciary relationship between himself as the borrower, and one or more Defendants as a lender. *See McCurdy*, 2010 WL 4102943, *3 (dismissing an action for inspection and accounting where plaintiff failed to allege the requisite relationship of trust). Accordingly, the fourth cause of action is dismissed as to all Defendants.

### (5)   *Unjust Enrichment*

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam).  Thus the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id*.

Plaintiff's Complaint makes clear that he entered into an express contract when he executed the deed of trust and note. (Compl. at 3:¶2, 5:¶4.)  Accordingly, his cause of action for unjust enrichment is dismissed.

### (6)   *Negligent Interference of Prospective Economic Advantage*

Plaintiff's sixth cause of action alleges negligent interference with prospective economic

advantage against Defendants.  However, "[u]nder Nevada law, negligent interference with prospective economic advantage is not a recognized cause of action." *Oracle USA, Inc. v. Rimini St., Inc.*, 2:10-cv-00106-LRH, 2010 WL 3257933 (D. Nev. Aug. 13, 2010) (citing *Local Joint Executive Bd., Culinary Workers Union, Local. No. 226 v. Stern*, 651 P.2d 637, 638 (Nev. 1982) ("[W]e believe the tests that have been developed to determine who should recover for negligent interference with contract or prospective economic advantage are presently inadequate to guide trial courts to consistent, predictable, and fair results.")) Because this is not a recognized cause of action, it is dismissed.

### *(7)   Conspiracy to Interfere with Prospective Economic Advantage*

To state a plausible claim of interference with prospective economic advantage, a party must allege: "(1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and, (5) actual harm to the plaintiff as a result of the defendant's conduct." *Las Vegas-Tonopah-Reno Stage Line, Inc. v. Gray Line Tours of S. Nevada*, 792 P.2d 386, 388 (Nev. 1990) (quoting *Leavitt v. Leisure Sports, Inc.*, 734 P.2d 1221, 1225 (Nev. 1987)).

Additionally, "Nevada law defines a conspiracy as 'an agreement between two or more persons for an unlawful purpose.' " *Nunnery v. Eighth Judicial Dist. Court ex rel. County of Clark*, 186 P.3d 886, 888 (Nev. 2008).  The Nevada Supreme Court has explicitly stated that "conspiracy is committed upon reaching the unlawful agreement." *Id.*  Under Nevada law, conspiracy does not require an overt act. *Moore v. State*, 27 P.3d 447, 450 (Nev. 2001) (citing Nev. Rev. Stat. § 199.490).

While Plaintiff directly alleges that Defendants agreed amongst themselves to cause economic harm, (Compl. at 13:¶88.), a conclusory allegation that an unlawful agreement has taken place, without more distinct particularized factual allegations does not constitute a

1   plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007).  Furthermore,

2   Plaintiff fails to allege that the conduct of Defendants in any way interfered with his potential

3   contractual relationship with any third party, or that the Defendants had knowledge of or intent

4   to harm such a relationship.  Because the Complaint does not allege any of these essential

5   elements of a claim for conspiracy to interfere with prospective economic advantage beyond a

6   series of unsubstantiated conclusory statements, Plaintiff's seventh cause of action is dismissed.

7                    *(8)   Breach of Good Faith and Fair Dealing*

8            To state a claim of breach of the covenant of good faith and fair dealing, Plaintiff must

9   allege: (1) Plaintiff and Defendants were parties to an agreement; (2) Defendants owed a duty of

10  good faith to the Plaintiff; (3) Defendants breached that duty by performing in a manner that was

11  unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied.

12  *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).  In Nevada, an implied covenant of good faith

13  and fair dealing exists in every contract, *Consol Generator–Nevada v. Cummins Engine*, 971

14  P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant

15  deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886

16  P.2d 454 (Nev. 1994).  The covenant of good faith and fair dealing "only applies after a binding

17  contract is formed." *Crellin Techs., Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 10 (1st Cir. 1994).

18          Plaintiff alleges that Defendants breached the duty in two ways.  First, Plaintiff contends

19  that by failing to pay equal consideration to Plaintiff's financial interests, Defendants acted in

20  bad faith.  Second, Plaintiff argues that Defendants refused to negotiate with Plaintiff in good

21  faith after Plaintiff requested payment assistance under the Home Affordable Modification

22  Program ("HAMP").

23          Plaintiff's first contention must fail because it is established that lenders owe no fiduciary

24  obligations to borrowers absent exceptional circumstances. *See Kwok v. Recontrust Co., N.A.*,

25  No. 2:09-cv-2298, 2010 WL 2555615, *3 (D. Nev. June 23, 2010).  No exceptional

circumstances or special relationship was alleged here.

Plaintiff's second allegation regarding the covenant of good faith and fair dealing alleges that Defendants failed to meet their obligations under the federal Home Affordable Modification Program, and that the failure constitutes a breach of the covenant of good faith and fair dealing. (Compl. at 15:¶¶99-101.)  However, even if Plaintiff has a private right of action under HAMP, Plaintiff has failed to allege any conduct by Defendants which deliberately contravened the intention and spirit of any agreement between them.  Accordingly, Plaintiff's eighth cause of action is dismissed as to all Defendants.

*(9)   Injunctive Relief; (10) Declaratory Relief; (11) Rescission*

Plaintiff's ninth, tenth, and eleventh causes of action are not recognized as causes of action in Nevada.  Injunctive relief, declaratory relief, and rescission are remedies, not claims. Accordingly, these "causes of action" are dismissed.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED**.  The Clerk of the Court shall enter judgment accordingly, and close the case.

DATED this 21st day of September, 2012.

_____

Gloria M. Navarro
United States District Judge